**CV -08-4809**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

ELAINE L. CHAO, Secretary of Labor,
United States Department of Labor,

               Plaintiff,

    -against-

LOCAL 3, BAKERY, CONFECTIONERY,
TOBACCO WORKERS AND GRAIN MILLERS
INTERNATIONAL UNION,

               Defendant.

-----------------------------------------------------------x

**COMPLAINT**

Civil Action
No.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
NOV 26 2008  ★
BROOKLYN OFFICE

Plaintiff, Elaine L. Chao, Secretary of Labor, by its attorney, Benton J. Campbell,

United States Attorney for the Eastern District of New York, James R. Cho, Assistant

U.S. Attorney, of counsel, alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action under Title IV of the Labor-Management Reporting

and Disclosure Act of 1959, 29 U.S.C. §§ 481-84, hereafter referred to as the Act,

seeking a judgment declaring Defendant's August 29, 2008 remedial election supervised

by the Plaintiff to be void with respect to the offices of union-wide business agent (2

positions) and directing the Defendant to conduct new nominations, a new election and

installation for the offices of union-wide business agent (2 positions), under the

supervision of the Plaintiff.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1345, and 29 U.S.C. § 482(c).

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 482(b).

## PARTIES

4. Plaintiff, Elaine L. Chao, is the duly appointed Secretary of Labor, United States Department of Labor. Plaintiff is authorized to bring this action pursuant to section 402(b) of Title IV of the Act of 1959, 29 U.S.C. § 482(b).

5. Defendant is, and at all times relevant to this action has been, an unincorporated association residing in the County of Queens, New York, within the jurisdiction of this Court.

## FACTUAL ALLEGATIONS

6. Defendant is, and at all times relevant to this action has been, a local labor organization engaged in an industry affecting commerce within the meaning of sections 3(i), 3(j), and 401(b) of the Act, 29 U.S.C. §§ 402(i), 402(j) and 481(b).

7. Defendant, purporting to act pursuant to its Constitution and Bylaws, conducted an election of officers on December 14, 2007.

8. As a result of violations of the Act affecting the outcome of the December 14, 2007 election, by letter dated May 28, 2008, the Defendant, through its attorney, entered into a voluntary settlement agreement with the Plaintiff in which the Defendant agreed to conduct new nominations, a new election and installation of officers for the offices of president, vice president, secretary-treasurer, recording secretary, business agents,

2

sergeants-at-arms, trustees, and executive board members under Plaintiff's supervision. The agreement also extended the time within which suit could be filed regarding the challenged election to September 30, 2008.

9.  Defendant, purporting to act pursuant to the voluntary settlement agreement of May 28, 2008, its Constitution and Bylaws, and the rules and guidelines established during the pre-election conference, conducted a remedial election supervised by the Plaintiff for the offices of president, vice president, secretary-treasurer, recording secretary, business agents, sergeants-at-arms, trustees, and executive board members on August 29, 2008, which election was subject to the provisions of Title IV of the Act, 29 U.S.C. §§ 481-84.

10.  Pursuant to Section 601 of the Act, 29 U.S.C. § 521, and in accordance with Section 402(c) of the Act, 29 U.S.C. § 482(c), the Plaintiff conducted an investigation of the supervised election.

11.  As a result of the facts shown by her investigation, which included the fact that Defendant had eliminated a business agent position that specifically served Defendant's members employed by Entenmann's Bakery (hereinafter referred to as "Entenmann's BA position"), Plaintiff found that violations of Title IV of the Act, 29 U.S.C. §§ 481(c) and (e), had occurred in the conduct of Defendant's August 29, 2008 supervised election, and that the violations had not been remedied.

12.  By letters dated September 2, 2008 and September 29, 2008, the Defendant, through its attorney, extended the time within which suit could be filed regarding the challenged election to October 31, 2008 and November 28, 2008, respectively.

3

13. Defendant, in the conduct of its August 29, 2008 remedial election of officers, violated section 401(c) of the Act, 29 U.S.C. § 481(c), by failing to provide adequate safeguards to insure a fair election when it eliminated the Entenmann's BA position.

14. Defendant, in the conduct of its August 29, 2008 remedial election of officers, violated section 401(c) of the Act, 29 U.S.C. § 481(c), by acting inconsistently with its Constitution and Bylaws in eliminating the Entenmann's BA position.

15. Defendant, in the conduct of its August 29, 2008 remedial election of officers, violated section 401(e) of the Act, 29 U.S.C. § 481(e), by (1) denying members a reasonable opportunity for the nomination of candidates for the office of union-wide business agent (2 positions); and (2) denying members in good standing the right to vote for or otherwise support the candidate or candidates of his or her choice for the office of union-wide business agent.

16. The violations of sections 401(c) and (e) of the Act, 29 U.S.C. §§ 481(c) and (e), alleged above may have affected the outcome of the Defendant's August 29, 2008 remedial election for the office of union-wide business agent (2 positions).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment:

(a) declaring the Defendant's August 29, 2008 remedial election supervised by the Plaintiff to be void with respect to the office of union-wide business agent (2 positions);

4

(b) directing Defendant to conduct new nominations, a new election and installation for the office of union-wide business agent (2 positions) under the supervision of the Plaintiff;

(c) for the costs of this action; and

(d) for such other relief as may be appropriate.

Dated:  Brooklyn, New York
        November 26, 2008

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

BENTON J. CAMPBELL
United States Attorney

By:_____
    JAMES R. CHO (JC4678)
    Assistant United States Attorney
    271 Cadman Plaza East, 7th floor
    Brooklyn, New York 11201
    718-254-6519

OF COUNSEL:
GREGORY F. JACOB
Solicitor of Labor

KATHERINE E. BISSELL
Associate Solicitor

PATRICIA M. RODENHAUSEN
Regional Solicitor

SHARON E. HANLEY
Counsel for Labor-Management Programs

BRENDA J. STOVALL
Attorney
U.S. Department of Labor

5