UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x

Elaine Chao, Secretary of Labor,
United States Department of Labor,[1]

     Plaintiff,

  -against -

Local 3, Bakery, Confectionary, Tobacco Workers
and Grain Millers International Union,

     Defendant.

---------------------------------------------------------------------x

STIPULATION OF SETTLEMENT

No. CV-08-4809 (CPS) (JO)

   Plaintiff Elaine L. Chao, Secretary of Labor ("Secretary") and Defendant Local 3,

Bakery, Confectionery, Tobacco Workers and Grain Millers International Union ("Local 3")

(collectively, the "Parties"), by and through undersigned counsel, hereby stipulate and agree to

settlement of this dispute as follows, and respectfully request that the Court so order:

   WHEREAS, the Secretary filed this action on November 26, 2008, under Title IV of the

Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. §§ 481 *et seq.* (the "Act");

   WHEREAS, the Complaint alleges that violations of sections 401(c) and 401(e) of the

Act occurred in Defendant's August 29, 2008 Remedial Election of union officers supervised by

the Secretary when Local 3 eliminated the Business Agent position that only represented

members employed by Entenmann's Bakery ("Entenmann's") ("Entenmann's Business Agent"),

thereby denying Entenmann's members the opportunity to run for and vote for any business

agent position;

   WHEREAS, the Parties to this action now wish to resolve this litigation fully and

---

[1] Once confirmed, the new Secretary of Labor will automatically be substituted as the plaintiff
pursuant to Fed. R. Civ. P. 25(d).

amicably without the necessity of further litigation.

IT IS HEREBY STIPULATED TO AND AGREED, by and between the Parties to this action, through their undersigned counsel, and IT IS HEREBY ORDERED AND ADJUDGED that:

1.      The Secretary and Local 3 have entered into this Stipulation of Settlement for the sole purpose of resolving the issues in this action and for no other purpose.

2.      Local 3 shall hold a new election for its two (2) Union-wide Business Agent positions, which will be supervised by the Secretary (the "Supervised Special Election"). The Supervised Special Election will be held within 60 days from the date both Parties execute this Stipulation of Settlement, subject to Paragraph 5, herein. All members of Local 3 who are eligible to vote, including members employed by Entenmann's, may vote for the Union-wide Business Agent positions. The two (2) individuals elected as Union-wide Business Agents in the Supervised Special Election shall serve the remainder of the current terms of the two Union-wide Business Agent positions, which shall end on December 31, 2010.

3.      The Supervised Special Election shall be conducted in accordance with Title IV of the Act (29 U.S.C.§ 481 *et seq.*) and, insofar as is lawful and practicable, in accordance with Local 3's Bylaws and the Constitution of the Bakery, Confectionary, Tobacco Workers and Grain Millers International Union ("BCTWGMIU") in effect at the time of the Supervised Special Election. In the event of a tie vote, the winner will be determined by chance (*i.e.,* coin toss or drawing straws, etc.).

4.      All candidates who ran for either of the two (2) Union-wide Business Agent positions or the Entenmann's Business Agent position in the August 29, 2008 Remedial Election

2

may run in the Supervised Special Election set forth herein.

5.      The Secretary shall determine whether a candidate referenced in Paragraph 4, herein, is eligible to run in the Supervised Special Election.  In the event fewer than three such candidates decide to run in the Supervised Special Election, Local 3 shall re-open nominations for the Union-wide Business Agent positions and such nominations shall be conducted in accordance with Local 3's Bylaws and the Constitution of the BCTWGMIU, insofar as lawful and practicable, and in accordance with the requirements of the Act.  To enable the re-opening of the nomination process, the Secretary may postpone the Supervised Special Election and require Local 3 to hold the Supervised Special Election under the Secretary's supervision on a date after the 60 days set forth in Paragraph 2, herein.

6.      All decisions as to the interpretation or application of Title IV of the Act, the Constitution of the BCTWGMIU or the Local 3 Bylaws concerning the Supervised Special Election are to be made and determined by the Secretary and her decision shall be final, subject to challenge in this Court.  The Court shall hear any such challenge on an expedited basis.

7.      The Court shall retain jurisdiction over this action.  After completion of the Supervised Special Election, the Secretary shall certify to the Court the names of the individuals elected to the two Union-wide Business Agent positions and those elected in the August 29, 2008 Remedial Election to the offices of president, vice president, secretary-treasurer, recording secretary, sergeants at arms, trustees, and executive board members that such election was conducted in accordance with Title IV of the Act, the provisions of this Stipulation of Settlement and insofar as lawful and practicable, in accordance with the provisions of Local 3's Bylaws and the Constitution of the BCTWGMIU.

3

8. By entering into this Stipulation, Local 3 does not admit and expressly denies that it has violated any rule, law, regulation, including, but not limited to, the aforesaid provisions of Title IV in its August 29, 2008 Remedial Election.

9. Each party will bear its own fees and expenses incurred by such party in connection with any stage of this proceeding.

10. Upon the Court's receipt and approval of such certification, the Clerk of the Court shall enter a final judgment declaring that such persons have been elected, as shown by such certification, to serve the remainder of the current term, ending December 31, 2010.

Dated: Brooklyn, New York
       February 9, 2009

                                      BENTON J. CAMPBELL
                                      United States Attorney
                                      Eastern District of New York
                                      271 Cadman Plaza East, 7th floor
                                      Brooklyn, New York 11201

By:     s/ James R. Cho
          James R. Cho
          Assistant United States Attorney
          718-254-6519
          james.cho@usdoj.gov
          Attorney for the Plaintiff

Dated: Brooklyn, New York
       February 9, 2009

By:     s/ Bruce Cooper
          Bruce Cooper
          Pitta & Giblin LLP
          499 Park Ave., 15th floor
          New York, New York 10022
          212-652-3727
          bcooper@pittagiblin.com
          Attorney for the Defendant

So Ordered

s/Hon. Charles P. Sifton

2/11/09