UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------x

Hilda L. Solis, Secretary of Labor,[1]
United States Department of Labor,

                Plaintiff,

         -against-

Local 3, Bakery, Confectionery, Tobacco Workers
and Grain Millers International Union,

             Defendant.

-------------------------------------------------------x

<u>CERTIFICATION OF ELECTION</u>

No. CV-08-4809 (CPS) (JO)

      The election having been conducted in the above matter under the supervision of

the Secretary of Labor, United States Department of Labor, pursuant to a Stipulation of

Settlement filed February 12, 2009, in the United States District Court for the Eastern

District of New York, in accordance with the provisions of Title IV of the Labor-

Management Reporting and Disclosure Act of 1959 (29 U.S.C. § 481, <u>et seq.</u>) and in

conformity with the constitution and bylaws of the defendant labor organization,

insofar as lawful and practicable, therefore:

      Pursuant to Section 402(c) of the Labor-Management Reporting and Disclosure

Act of 1959 (29 U.S.C. § 482(c)), and the authority delegated to me,

---

[1] This action was originally brought by Elaine L. Chao, former Secretary of Labor, Successor Hilda L. Solis is automatically substituted as party in accordance with Rule 25(d), Federal Rules of Civil Procedure.

IT IS HEREBY CERTIFIED that the following named candidates have been duly elected to the offices designated:

| | |
|---|---|
| Narciso Martas | President |
| J. Peter Stimpfl | Vice President |
| Joseph Weinbel | Secretary-Treasurer |
| Warren Wolf | Recording Secretary |
| Anton Nadvorik | Sergeant-at-Arms |
| Edward Tomicich | Sergeant-at-Arms |
| Hermes Bustamante | Union-Wide Executive Board Member |
| Carlos DeJesus | Union-Wide Executive Board Member |
| Arturo Lobos | Union-Wide Executive Board Member |
| Lawson Quiah | Union-Wide Executive Board Member |
| Eddie Torres | Union-Wide Executive Board Member |
| Jose Vasquez-Morel | Union-Wide Executive Board Member |
| Joseph Kosofsky | Entenmann's Executive Board Member |
| Laura Zummo | Entenmann's Executive Board Member |
| Joseph Rodriguez | Union-Wide Business Agent |
| Abelardo Aleman | Union-Wide Business Agent |
| Mohtar Diop | Trustee |
| Herman Duran | Trustee |
| David Reyes | Trustee |

Attached herewith is a declaration setting forth the protests concerning violations which were alleged to have occurred in the election conducted pursuant to the Stipulation of Settlement and the findings of the investigation of these protests.

Signed this _5th_ day of November, 2009.

_Cndown_

Cynthia M. Downing, Chief
Division of Enforcement
Office of Labor-Management Standards
Employment Standards Administration
U.S. Department of Labor

## DECLARATION OF CYNTHIA M. DOWNING

I, Cynthia M. Downing, am the Chief, Division of Enforcement, Office of Labor-Management Standards, Employment Standards Administration, United States Department of Labor ("Department").  Pursuant to an Order dated February 12, 2009, filed in the United States District Court, Eastern District of New York, the Department supervised the Bakery, Confectionery, Tobacco Workers and Grain Millers (BCTGM), Local 3 election for two (2) Union-wide Business Agent positions. The supervised mail ballot election was concluded on April 7, 2009.  One protest was filed during the election by Gary Breslin, a candidate for one of these positions.   Each of the complainant's allegations is set forth below with an explanation for its dismissal.

The complainant alleged that a Local 3 member campaigned using employer resources when she used the employer's public address system at Entenmann's Bakery plant in Bay Shore, New York, to make campaign announcements.  Under section 401(g) of the LMRDA, no money of an employer is to be contributed or applied to promote the candidacy of any person in an election subject to the provisions of Title IV.  See, 29 U.S.C. § 481(g); 29 C.F.R. § 452.78.  The Department's investigation revealed that a member, on March 30, 2009, used the public address system to make a campaign announcement in the cafeteria in violation of 401(g) of the LMRDA and the employer's plant rules. The investigation also revealed that 96 Local 3 members who worked at the plant on March 30, 2009, voted in the election.  Inasmuch as the margin of victory in

the election was 105 votes, the 96 members who may have heard the campaign announcement and voted could not have affected the outcome of the election for the two Union-wide Business Agent positions.

The complainant alleged that he and Bob Arnold, both of whom are employees of Entenmann's Bay Shore plant, were not allowed to campaign or distribute campaign literature at the Bay Shore plant. This allegation was not substantiated. The investigation established that Entenmann's does not have a written policy regarding campaigning for union elections on the employer premises, but does prohibit the distribution of any campaign flyers on the premises. The investigation revealed that during past elections, Entenmann's has allowed election campaigning only in the cafeteria, but candidates are not allowed to post campaign fliers. The candidates for the April 7, 2009 election were allowed to campaign in the cafeteria, but were not allowed to post any fliers during the election period. The investigation established that all candidates on the ballot had access to the Bay Shore plant and could have campaigned in the cafeteria. The investigation revealed that the complainant, Arnold, and Joe DiNatalie work at the Bay Shore plant and, as such, have access to the plant, and could have campaigned in the cafeteria. The complainant acknowledged that he did not ask to campaign in the cafeteria, but, rather, he chose to campaign in the parking lot of the Bay Shore plant. The investigation revealed that even though candidates Rodriguez and Aleman do not work at the Bay Shore plant, they are union business agents and, as such, would also have had access to the

2

Bay Shore plant to campaign. The investigation did not reveal any evidence of any candidate making a request to campaign at the Entenmann's Bay Shore plant and being denied the opportunity to do so. There was no violation of the LMRDA.

The complainant alleged that Local 3 President Narciso Martas, Local 3 Secretary-Treasurer Joe Weinbel, and the candidates for the two (2) Union-wide Business Agent positions, Joe Rodriguez and Abelardo Aleman, engaged in improper campaigning at the Entenmann's Bay Shore plant on union time and using union resources. Complainant further alleged that improper campaigning took place on March 4, March 16, March 20, March 21 and March 26, 2009. Each alleged campaigning incident will be discussed seriatim.

Section 401(g) of the LMRDA provides that no moneys received by any labor organization by way of dues, assessment, or similar levy, and no moneys of an employer shall be contributed or applied to promote the candidacy of any person in an election subject to the provisions of Title IV. See, 29 U.S.C. § 481(g); 29 C.F.R. § 452.73. Unless restricted by constitutional provisions to the contrary, union officials and employees retain their rights as members to participate in the affairs of the union, including campaigning activities on behalf of either faction in an election. See 29 C.F.C. § 452.76. However, such campaigning must not involve the expenditure of funds in violation of section 401(g). Accordingly, officers and employees may not campaign on time that is paid for by the union, nor use union funds, facilities, equipment, stationery, etc. to assist them in such

3

campaigning. Campaigning incidental to regular union business is not a violation. Id.

March 4, 2009

Complainant alleged that Weinbel and Martas attended a meeting at the Entenmann's Bay Shore plant and campaigned for two hours afterward in the employee cafeteria. The investigation established that both Weinbel and Martas were in attendance at a Local 3 staff meeting at the union office in Long Island City, New York and did not visit the Bay Shore plant on March 4, 2009. The investigation revealed that the Human Resources Director of Entenmann's Bay Shore plant did not meet with any union officials on March 4, 2009, and that he did not have any knowledge of any management union meetings held that day. There was no violation of the LMRDA.

March 16, 2009

Complainant alleged that Weinbel and Rodriguez attended a safety meeting at the Bay Shore Entenmann's plant and campaigned afterward in the employee cafeteria. The investigation revealed that the safety meeting was organized by Entenmann's managers and that Local 3 officials were invited to attend and observe. The investigation revealed that both Weinbel and Rodriguez attended the safety meeting at the plant on this day, but both denied engaging in any campaigning for the election. Weinbel acknowledged that after the meeting, which lasted most of the day, he went to the work floor to visit with the members, but stated that he did not do any electioneering for any candidates

4

in the April 2009 Local 3 election. The investigation revealed that Rodriguez met with some members in the cafeteria in between sessions of the meeting and engaged in "small talk" with them, but did not engage in any campaigning because he did not want to violate any election rules. A Local 3 member recalled seeing both Weinbel and Rodriguez at the meeting, but did not observe any activity she perceived to be campaigning. The investigation did not reveal any evidence of Weinbel and Rodriguez campaigning while on union time at the Entenmann's Bay Shore plant for a safety meeting. There was no violation of the LMRDA.

March 20 and March 21, 2009

The complainant alleged that Weinbel took candidate Joe DiNatalie to New Jersey bakery shops so that DiNatalie could campaign. He also alleged that he witnessed DiNatalie campaigning at the Entenmann's Bay Shore plant and that DiNatalie may have visited shops in Connecticut to campaign as well. The investigation established that on March 20, 2009, Weinbel, Rodriguez, and Martas attended a contract negotiation meeting at Pechter's Bakery, located in Harrison, New Jersey with Pechter's officials. These three Local 3 officers deny that any campaigning occurred at the Harrison plant. The investigation confirmed that the Pechter officials did not observe any election campaigning by the Local 3 officers while they were visiting Pechter's Bakery, or hear any complaints from union members regarding electioneering at Pechter's Bakery. The investigation also revealed that Weinbel did not take DiNatalie to Pechter's

5

or any other New Jersey bakery shops to campaign. The investigation did not disclose any evidence that DiNatalie campaigned at all during the election cycle, or that he visited any Local 3 shops in New York, Connecticut or New Jersey for the purpose of campaigning. Moreover, the investigation confirmed that neither Weinbel nor DiNatalie worked on March 21, 2009 which was a Saturday. There was no violation of the LMRDA.

<u>March 26, 2009</u>

The complainant alleged that he observed Weinbel and candidate Aleman campaigning at the Entenmann's Bay Shore Plant cafeteria. The investigation revealed that the complainant later acknowledged that he observed both Weinbel and Aleman in the cafeteria, but did not observe any obvious campaign activity. The investigation confirmed that Weinbel was at the plant that day to attend a grievance meeting in the morning and to meet with members in the afternoon. Weinbel denies that he campaigned for any of the candidates while he was in the cafeteria to discuss union issues with members. The investigation revealed that a witness observed both Weinbel and Aleman in the cafeteria, but he did not observe any activity that he thought was campaigning. The investigation established that Aleman campaigned at the Bay Shore plant in the cafeteria, but he took vacation leave to do so. There was no violation of the LMRDA.

The Department has concluded from its investigation and analysis that the violation of Title IV of the LMRDA that occurred during the April 7, 2009 supervised election, concerning the use of the employer's resources, could not

6

have affected the outcome of the election. Accordingly, the election held pursuant thereto complied with the District Court's Order and the results of the supervised election are certified.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 5th day of November 2009, in the City of Washington, District of Columbia.

Cynthia M. Downing
Chief, Division of Enforcement
Office of Labor-Management Standards
Employment Standards Administration
United States Department of Labor

7